(10 Misc. Rep. 764.)

### PEOPLE ex rel. EWELL v. ROBERTS, Comptroller.

(Supreme Court, Special Term, Ulster County. January, 1895.)

OFFICE AND OFFICER — WARRANT FOR COMPENSATION — CERTIFICATE OF AP-
POINTMENT.

> Laws 1894, c. 717, providing that civil service rules and laws shall not apply to veterans of the war as to any position the compensation of which does not exceed $4 per day, relates only to the appointments to such positions, and does not dispense with the requirements of Laws 1883, c. 354, § 7, as amended by Laws 1894, c. 681, providing that the civil service commissioners shall keep a list of all persons in the classified service of the state, and that the comptroller shall not draw his warrant for the payment of the salary of any person in either of such classes who is not certified by the civil service commissioners as having been appointed in pursuance of law.

Application by William H. Ewell for a writ of mandamus to compel James A. Roberts, as comptroller of the state of New York, to pay relator his salary as clerk in the office of the secretary of state. Denied.

Robert G. Scherer, for relator.

Myer Nussbaum and William E. Kisselburgh, Jr., Dep. Atty. Gen., for respondent.

PARKER, J. The secretary of state, on the 11th day of June, 1894, appointed the relator, William H. Ewell, to a clerkship in the secretary of state's office, at a salary of four dollars per day. At the time of such appointment, Ewell was a resident of this state, having served in the army of the United States during the late war, from which he had been honorably discharged, and was, therefore, eligible to the position to which he was appointed, pursuant to the provisions of chapter 717, Laws 1894. It is, indeed, conceded that the action of the secretary of state in making the appointment was in all respects lawful and proper, and that by virtue of the appointment the relator became entitled to receive from the state compensation at the rate of four dollars per day, payable monthly; the comptroller's refusal to pay being based wholly upon his understanding that the statutes require that before he may draw his warrant for compensation he must have a certificate of the civil-service commission of the legality of the appointment of every person in the classified service of this state, and that the relator is within the classified service. In other words, his contention is that, while the statute authorizes the appointment in the state service of persons in a like situation with the relator without reference to the civil-service rules and laws of this state, such appointment must, nevertheless, be evidenced to the comptroller by a certificate of the civil-service commission; that, before the comptroller can make any payment whatever to a person purporting to be in the employ of the state, the comptroller must be informed of the fact through the channel and in the manner provided by law.

The provision of the act of 1894 bearing upon this question reads as follows:

"But the civil service rules and laws of this state shall not apply to such persons, residents of this state, who served in the army or navy of the United States in the late war, and have been honorably discharged therefrom, for any position or employment, the compensation of which does not exceed four dollars a day, in the public departments and upon all public works of the state of New York, and of the several cities, counties, towns and villages thereof."

It will be observed that this provision does not suggest the manner in which the comptroller shall be informed of an appointment made under it, but does provide that, so far as the appointment is to a position or employment, the compensation of which does not exceed four dollars per day, the civil-service rules and laws of this state shall not apply.

The error into which the relator has fallen seems to me to have been founded upon a construction of the provision which gives to it the effect, not only of taking the appointment of persons situated like himself from under the civil-service rules and laws of the state, but also of depriving the civil-service commissioners of the right, and to relieve them from the duty, of making certificates, for the use of the comptroller, of the appointment of every person in the classified service of the state, which includes relator's position, as provided by section 7, c. 354, Laws 1883, as amended by chapter 681, Laws 1894. These statutes provide for a body, known as the "Civil-Service Commission," which is given exclusive control and authority with reference to the classification of all positions in the state service, competitive or noncompetitive, exempted or otherwise. And it is further made the duty of the commission to keep in its office a complete list of all officers, clerks, and other persons in the public service of the state, in either of the classes appointed or employed, and to certify to the comptroller every change occurring in any such office or employment forthwith on the occurrence of the change. Further, the comptroller is forbidden to draw his warrant for the payment of any salary or compensation to any officer, clerk, or other person in the public service of the state in either of said classes who is not so certified as having been appointed in pursuance of law, and of the rules and regulations made in pursuance of law. It is apparent that one of the purposes which the statute has in view it to keep the comptroller's office accurately informed as to all persons in the classified service of the state entitled to compensation for services. If the statute under which the relator was appointed can be so construed as to make it no longer the duty of the commission to certify to the employment of persons in the classified service, when appointed under the provisions of the statute exempting honorably discharged soldiers from the civil-service rules and laws of this state, then the statutes could no longer provide for a complete and harmonious system governing the keeping of the record relating to those in the employment of the state under the classified service. But if the statutes be construed together, as I think they should be, then the entire scheme is consistent and harmonious.

A person situated as this relator may be appointed in the public service, where the compensation does not exceed four dollars per day, without reference to the civil-service rules and laws. And when

the appointment is made it becomes the duty of the appointing officer to inform the civil-service commission that the appointment was made in accordance with law.   This being done, the statute enjoins upon the civil-service commission the duty of certifying the fact of such appointment to the comptroller, whose duty it is thereafter to make payment to the appointee of his compensation as he shall become entitled to it.   This was not done, and therefore the comptroller had a right to insist upon a compliance with the statute. Relator's proper course was to have requested the civil-service commission to make the necessary certification, and had the request been refused it could thereafter have been enforced by mandamus.   The application for a writ of mandamus should be denied, but without costs.

Application denied, without costs.